IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HENRY MACIAS MEDINA,<br><br>Petitioner,<br><br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255<br><br><br><br><br><br>Civil Case No. 2:12-CV-109 TS<br><br>Criminal Case No. 2:09-CR-784 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons discussed below, the Court will deny Petitioner's Motion.

## I. BACKGROUND

Petitioner was named, along with several co-defendants, in an Indictment on October 14, 2009, charging him with manufacture of a controlled substance by cultivation and conspiracy to manufacture a controlled substance by cultivation. Petitioner was subsequently named in a Superseding Indictment on May 26, 2010, which added a count for possession of a firearm in furtherance of a drug trafficking crime.

1

On November 10, 2010, shortly before he was scheduled to go to trial, Petitioner pleaded guilty to each count of the Superseding Indictment.  On February 8, 2011, Petitioner was sentenced to a term of imprisonment of 180 months.  Judgment was entered on February 11, 2011.  Petitioner did not seek direct appeal, but did timely file his § 2255 Motion on January 23, 2012.

## II.  DISCUSSION

Petitioner makes three arguments in his motion: (1) that the government did not provide certain evidence until three weeks prior to trial; (2) he received ineffective assistance of counsel; and (3) an unfair sentencing disparity existed between him and his co-defendants.

A.    COLLATERAL APPEAL WAIVER AND PROCEDURAL DEFAULT

The government argues that Petitioner's first and third arguments are barred by the collateral appeal waiver contained in Petitioner's plea agreement.  Since the government does not argue that Petitioner's ineffective assistance claim is barred by the collateral appeal waiver, the Court will address that claim on the merits.

The Tenth Circuit has established a three-part test to interpret appeal waivers, based upon contract principles.[1]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of

---

[1] *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

justice."[2]  The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and in favor of a defendant's appellate rights.'"[3]  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[4]  With these principles in mind, the Court proceeds with its analysis.

      1.    *Scope of Appeal Waiver*

Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255."[5]

The Court finds that the language of the plea agreement is clear and unequivocal. Petitioner waived any right to bring a collateral attack on his sentence, including a motion brought pursuant to 28 U.S.C. § 2255.  Therefore, the Court finds that Petitioner's first and third claims clearly fall within the scope of this broad waiver.

---

[2] *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

[3]*Id*. (internal citations and quotations omitted).

[4] *United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

[5]Case No. 2:09-CR-784 TS, Docket No. 275, at 5.

2.     *Knowing and Voluntary Waiver*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[6]  In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[7] and (2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[8]

A review of the transcript from the change of plea hearing and the Statement in Advance of Plea confirm that Petitioner was specifically informed of the waiver of his collateral appeal rights, that he was aware of the provision of the plea agreement waiving those rights, and that he waived those rights knowingly and voluntarily.

3.     *Miscarriage of Justice*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[9]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver

---

[6] *Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[7] *Id*. at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[8] *Id.* (internal citations omitted).

[9] *Id*. at 1327 (internal citations omitted).

is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[10]

Petitioner bears the burden of establishing a miscarriage of justice.[11]

Petitioner does not raise any of these factors in his Motion and there is nothing in his Motion to support such a finding.  Therefore, the Court finds that enforcing the waiver would not result in a miscarriage of justice.  As a result, the Court will enforce Petitioner's waiver and will dismiss Petitioner's first and third claims as being barred by the waiver.

Even without the collateral appeal waiver, these claims would be barred because they have been procedurally defaulted.  The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[12]  Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[13]  Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[14]

---

[10] *Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[11] *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[12] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[13] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[14] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68.

Each of the claims raised by Petitioner, except his ineffective assistance claim, could have been raised on direct appeal.  Petitioner has provided no basis to excuse his procedural default of these claims.  Therefore, the Court must reject these claims.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[15]  A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[16]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[17]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[18]

Petitioner argues that his counsel was ineffective because his attorney stated that if Petitioner went to trial he would get 18 years, but if he took a plea he would get less than 10 years.  This does not constitute deficient performance.

---

[15]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[16]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[17]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[18]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

The Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[19]  Therefore, the Court cannot find counsel's performance was deficient. Indeed, it appears that counsel's estimation was likely correct at the time it was made.

Further, Petitioner has failed to show that he was prejudiced by counsel's miscalculation. Petitioner was informed in both his plea agreement and by the Court in the plea colloquy of the potential maximum possible penalty for each count, as well as the minimum mandatory sentences for Counts 1 and 2, and the consecutive sentence required by Count 3.  The plea agreement also clearly stated: "I also know that the final calculation of my sentence by the Court may differ from any calculation . . . my attorney . . . [has] made, and I will not be able to withdraw my plea if this occurs."[20]  Given the fact that Petitioner pleaded guilty after having been so informed, the Court cannot find that Petitioner suffered prejudice based on his counsel's erroneous sentence prediction.[21]

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:12-CV-109 TS) is DENIED for the reasons set forth above.  It is further

---

[19]*United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993).

[20]Case No. 2:09-CR-784 TS, Docket No. 275, at 2.

[21]*See Gordon*, 4 F.3d at 1571 (finding no prejudice under similar circumstances).

7

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:12-CV-109 TS forthwith.

DATED   October 3, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge